UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAYLIN JOHNSON, ET AL.                                                              PLAINTIFFS

V.                                                       CIVIL ACTION NO. 3:12CV480 DPJ-FKB

JACKSON PARTNERS, LP, ET AL.                                                        DEFENDANTS

ORDER

This premises-liability action is before the Court on motion of Defendants for summary judgment [18] pursuant to Federal Rule of Civil Procedure 56. Plaintiffs have not responded in opposition, and the Court finds the motion should be granted.

I.      Facts and Procedural History

In 2011, Larry Johnson, Jr. was shot and killed on the premises of Arbor Park Apartments, which is owned by Defendants. His wrongful-death beneficiaries brought this action, claiming Defendants "knew or should have know that security services were necessary to protect invitees from crime" due to its location in a high-crime area and a history of criminal activity on the premises. Compl. [1-1] ¶ 9. They contend that had the security gate been working that day, the shooter "would not have been able to enter the apartment complex and kill the decedent." *Id.* ¶ 11.

Defendants paint a different picture, insisting that Johnson was shot after actively engaging in a verbal confrontation. They contend that Johnson, on his way to exit the property, came upon a resident and her guest, began an argument, reversed course and *re-entered* the complex, and escalated the encounter. Defendants filed the instant motion for summary judgment advancing two arguments: (1) Johnson was a trespasser, or possibly a licensee, and Defendants met their duty to refrain from willfully or wantonly injuring him; and (2) even

assuming Johnson was an invitee, Plaintiffs have failed to offer any proof that Johnson's death was proximately caused by a security-related failure at the complex.

Defendants filed their motion on April 18, 2013. After Plaintiffs failed to respond, a show cause order was entered, directing Plaintiff to respond by May 13. On May 14, Plaintiff requested, and received, an extension until May 29. That deadline passed without a response, and on June 3, Plaintiff requested, and again received, an extension until June 7. That deadline also passed without a response, and on June 17, Plaintiff requested a third extension until June 24. Despite Defendants' objection, the Court granted the request, instructing Plaintiff that "[d]ue to the multiple extensions and missed deadlines, no further extensions will be granted." Text Order, June 24, 2013. Plaintiffs again failed to respond, and the final deadline has now passed.

## II. Analysis

### A. Summary Judgment Standard

Summary judgment is warranted under Rule 56 of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. "The party moving for summary judgment bears the initial burden of 'informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); *see also Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 422 (5th Cir. 2007) (noting that the moving party bears the "burden of demonstrating that there is no genuine issue of material fact"). "The non-moving party must then come forward with specific facts showing there is a genuine issue for trial." *Washburn*, 504 F.3d at 508.

In this case, Plaintiffs filed no response, but that alone will not justify granting Defendants' motion. *See* Uniform Local Rule 7.2(b)(3)(e) (dispositive motions may not be granted as unopposed). As explained by the Fifth Circuit, district courts must first consider the record.

> [I]f the moving party fails to establish by its summary judgment evidence that it is entitled to judgment as a matter of law, summary judgment must be denied—even if the non-movant has not responded to the motion. But where the movant's summary judgment evidence does establish its right to judgment as a matter of law, the district court is entitled to grant summary judgment, absent unusual circumstances.

*McDaniel v. Sw. Bell Tel.*, 979 F.2d 1534, 1992 WL 352617, at *1 (5th Cir. 1992) (unpublished table decision) (citations omitted) (affirming summary judgment where counsel failed to file timely response).

In other words, the Court cannot grant a summary judgment motion for the mere lack of response, but if the record establishes that the movant met its burden under Rule 56(a), then the absence of responsive affidavits or other record evidence creating a genuine issue for trial will justify an order granting the motion. *Id.*; *see also Sanders v. Bell Helicopter Textron Inc.*, 199 F. App'x 309, 310 (5th Cir. 2006) (holding that record supported summary judgment where non-movant failed to respond); *Stewart v. City of Bryan Public Works*, 121 F. App'x 40, 42 (5th Cir. 2005) (same); *Ahart v. Vickery*, 117 F. App'x 344, 344 (5th Cir. 2004) (same).

B. Defendants' Motion

To recover damages in a premises-liability action such as this, Plaintiff must show (1) the duty Defendants owed to Johnson; (2) a breach of that duty; (3) damages; and (4) that the breach proximately caused the damages. *See Double Quick, Inc. v. Moore*, 73 So. 3d 1162, 1166 (Miss. 2011). The duty owed by Defendants is dependent on Johnson's status at the time of the

shooting—invitee, licensee, or trespasser. *Id.* (explaining the differences between the three statuses). As to an invitee, the property owner owes a duty to keep the premises reasonably safe. *Id.* "[T]he duty owed to a licensee or trespasser is the same—not to willfully or wantonly injure such person." *Id.*

Defendants submit that Johnson was either a licensee or trespasser, and there is no proof in the record before the Court that Defendants willfully or wantonly injured him. Alternatively, even if Johnson was an invitee, Defendants have presented the unrebutted affidavit testimony of former Chief of Police Robert Johnson stating that Johnson's death was not proximately caused by any security-related failure. In sum, Plaintiffs have not met their burden to show Defendants breached their duty and that any breach proximately caused Johnson's death. Summary judgment is appropriate.

III.    Conclusion

For the reasons stated in Defendants' Memorandum [19] in support of the motion for summary judgment, the Court finds Defendants' motion [18] should be granted. Plaintiffs' claims are dismissed with prejudice.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 27th day of June, 2013.

                                           s/ *Daniel P. Jordan III*
                                           UNITED STATES DISTRICT JUDGE